

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Moran | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 2234 | DATE | 4/3/2003 |
| CASE TITLE | Ronnie Bullock, Sr. Vs. Village of Homewood et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Memorandum Opinion and Order

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Because plaintiff alleges a fourth amendment violation, his petition to proceed in forma pauperis is granted. His claims against defendants Village of Homewood and Village of Homewood Police Department are dismissed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | APR 4 200_ | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 5 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| WAH | courtroom deputy's initials | | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RONNIE BULLOCK, SR., )
)
Plaintiff, )   APR 4 - 2003
)
vs. ) No. 03 C 2234
)
VILLAGE OF HOMEWOOD, et al., )
)
Defendants. )   APR 4 - 2003

MEMORANDUM OPINION AND ORDER

Plaintiff Ronnie Bullock, Sr. filed a complaint against Officer J. Beck, the Village of Homewood, and Village of Homewood Police Department seeking damages for alleged violations of his civil rights pursuant to 42 U.S.C. § 1983. Along with the complaint, plaintiff filed a petition to proceed *in forma pauperis*. For the following reasons, plaintiff's petition is granted.

Pursuant to 28 U.S.C. § 1915(a) we may authorize petitioner to proceed *in forma pauperis* if he demonstrates an inability to pay the required costs and fees. Petitioner's affidavit states that he has virtually no money in his bank accounts and owns no valuable property.

Our inquiry does not end there however. As part of the review of a petition to proceed *in forma pauperis*, we conduct an initial review of the claims and dismiss the complaint if we determine that the action is frivolous or malicious, it fails to state a claim upon which relief may be granted, or seeks damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Alston v Debruyn, 13 F.3d 1036, 1039 (7th Cir. 1994). We review the claim using the same standard as a motion to dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6). <u>Zimmerman v. Tribble</u>, 226 F.3d 568, 571 (7th Cir. 2000). Pursuant to Rule 12(b)(6) we dismiss a claim only if it appears beyond a doubt that there exist no facts to support the allegations. <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957). Complaints by *pro se* parties should "be liberally construed and not held to the stringent standards expected of pleadings drafted by lawyers." <u>McCormick v. City of Chicago</u>, 230 F.3d 319, 325 (7th Cir. 2000).

Plaintiff alleges that he was wrongly arrested and prosecuted for reckless driving and resisting arrest. He claims that, following a confrontation with Officer Beck, Beck watched him drive away safely, followed him and arrested him. He further alleges that Beck charged him with resisting arrest even though he was willing to cooperate with the officer. It is unclear from the complaint whether he was eventually convicted or acquitted of the charges and even which of the charges he was prosecuted for. Plaintiff claims that his constitutional rights were violated because of the false arrest, unlawful detention and malicious prosecution.

Plaintiff states a claim for a violation of his Fourth Amendment rights when he was arrested and detained. We read plaintiff's claim as alleging that Officer Beck had no cause to believe that he was violating any laws, yet he arrested plaintiff without a warrant. If true, this would be an unlawful seizure of the plaintiff. The claims also serve to defeat Officer Beck's qualified immunity. A police officer is immune from suit if he could have mistakenly, yet reasonably believed that probable cause existed for an arrest. <u>Wollin v. Gondert</u>, 192 F.3d 616, 622-23 (7th Cir. 1999). Again, taking plaintiff's pleadings as true, no officer could reasonably have believed that plaintiff was in violation of the law at the time of this arrest.

If plaintiff was convicted of the charges in question, and these convictions have not been

subsequently overturned, his claim will be barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994). "A claim for damages bearing that relationship to a conviction or sentence that has *not* been invalidated is not cognizable under § 1983." *Id.* Because we do not know whether plaintiff was convicted or not, his complaint states a claim.

Plaintiff cannot state a separate claim for malicious prosecution. The Seventh Circuit has read Albright v. Oliver, 510 U.S. 266 (1994) as eliminating a constitutional claim for malicious prosecution based on due process rights. Newsome v. McCabe, 256 F.3d 747, 751 (7th Cir. 2001). If the charges against plaintiff have previously been terminated in his favor, he may have a state law claim. *Id.* This potential state law claim "knocks out" any potential constitutional tort. *Id.* Any claim brought by the plaintiff based on the allegedly improper prosecution would again be alleging violations of his Fourth Amendment rights. *Id.* at 751-52.

Plaintiff likewise cannot state a claim against the police department or the village itself. There is no *respondeat superior* liability in claims of constitutional violations. Monell v. Department of Social Services of City of New York, 436 U.S. 658, 693-94 (1978). Instead, plaintiff must point to an official custom or policy of the municipality which "may fairly be said to represent official policy." Plaintiff fails to allege that such a policy caused the injury and cannot therefore state a claim against the village or its police department.

## CONCLUSION

Because plaintiff alleges a Fourth Amendment violation, his petition to proceed *in forma pauperis* is granted. His claims against defendants Village of Homewood and Village of Homewood Police Department are dismissed.

_____
JAMES B. MORAN
Senior Judge, U. S. District Court

April 3, 2003.